## THE HERBERT L. PONTIN.

### THE RED ASH NO. 2.

### PONTIN LIGHTERAGE & TRANSPORTATION CO. v. RED ASH TOWING LINE, Inc.

### No. 376.

Circuit Court of Appeals, Second Circuit.
May 18, 1931.

Single & Single, of New York City (Thomas H. Middleton, of New York City, of counsel), for appellant.

William F. Purdy, of New York City (John E. Purdy, of New York City, of counsel), for appellee.

Before MANTON, L. HAND, and CHASE, Circuit Judges.

CHASE, Circuit Judge.

The libelant's steam lighter Herbert Pontin attempted to land at the end of the Thirtieth street pier Brooklyn, when the steam tug Red Ash No. 2 was backing out of the slip between that pier and the one at Thirty-First street. As the slip was congested, the Red Ash had had to back and fill once or twice in endeavoring to get out before the Pontin nosed up to the end of the slip in a diagonal direction off the end of the Thirty-First street pier which extended farther out than did the pier at which she intended to land and the Pontin had seen the Red Ash so maneuvering to get out. She did not, however, signal until afterwards, and when she was actually going into the end of the slip. She was found at fault, and, as on argument her fault was conceded, we shall take no time with that now.

The Red Ash answered the Pontin's signal when it was given, but had so much sternway that, in spite of her effort to check it by going ahead, was unable to prevent drifting back into collision with the Pontin.

The District Court found that the Red Ash did all she could to prevent the collision after the signals were exchanged and found the Pontin solely at fault. It appeared, however, that the Red Ash had no stern lookout. While we agree that she acted to the best of her ability to prevent the accident after the proximity of the Pontin was called to her attention, we do not agree that that was enough to excuse her. When backing out of that slip she was not justified in blindly trusting to good fortune and the warnings of others. It was her duty to have a stern lookout, and her failure in that respect was prima ·facie evidence that the collision was due to her fault. The Genesee Chief, 12 How. 443, 13 L. Ed. 1058; The Ariadne, 13 Wall. 475, 20 L. Ed. 542. And it was encumbent upon her, if she would avoid the consequences which usually attach to such a fault, to show that the lack of a lookout did not contribute to the cause of the collision. The Madison (C. C. A.) 250 F. 850. No one now can tell what would have happened had a lookout been present. Yet it is plain that, if one had been where he should have been and had done his duty, the captain of the Red Ash would have been warned that the Pontin was coming into the slip before that vessel gave its own tardy signal. It is fair to believe that a warning as timely as would, or should, have been given by such a lookout would have prevented the collision. Certainly the claimant failed to show that it would not.

The decree is reversed, with directions to enter a decree for the libelant for half damages.