**NASSAU BARGE CORPORATION v. THE FRED B. DALZELL et al.**
**The L. K. CHRISTIE.**
**The JOHN CARROLL.**
No. 163. Docket 21556.

United States Court of Appeals.
Second Circuit.

Argued Jan. 31, 1950.

Decided Feb. 20, 1950.

**SWAN, Circuit Judge.**

This litigation involves a collision between the tug Fred B. Dalzell and a scow in the tow of the tug John Carroll which occurred in the East River about 1:30 P. M. on September 29, 1944, off Piers 16 and 17, Brooklyn. Both tugs were exonerated and the tanker Kenesaw Mountain, owned by the United States, was held solely at fault. The nature of the several suits consolidated for trial and the facts which brought about the collision are stated in the opinion of the district court, 78 Supp. 291, and need not be repeated. The appeal asserts error in finding the tanker at fault and in failing to find fault on the part of each of the tugs.

Accepting, as we must on this record, the finding that the tug Carroll "never made sternway while lying behind the tug Corning," the fault of the tanker is clear. Her claim that she had to keep close to the pier ends on account of her draft is disproved by the chart. She drew 28 feet. There was ample depth of water, at least 40 feet, to have permitted her to turn to the left and thus avoid the stationary Carroll and her tow, which were in plain view as the tanker approached. We can see nothing to excuse the navigation of the tanker.

The claim of fault on the part of the Carroll is equally unsubstantial. The contention is that a tug and tow, stationary in the water and awaiting her turn to enter a slip, must keep alert to see that a large vessel coming up from behind does not run her down, although there is plenty of room for that vessel to turn further out into the river. Of course, if a vessel is backing she must have a look-out astern.[1] But this is not true of a stationary vessel,[2] and particularly one which is waiting her turn to move forward into a slip and rightly has her attention fixed upon a tow just a few feet ahead. When the tanker's alarm drew the Carroll's attention to the danger of collision, she was called upon to act; and she took the only action possible by placing her tow against

J. Vincent Keogh, United States Attorney, Brooklyn, N. Y., Proctor for appellant; Gilbert S. Fleischer, New York City, Advocate.

Burlingham, Veeder, Clark & Hupper, New York City, Proctors for Fred B. Dalzell, claimant-appellee; Chauncey I. Clark and Frederic Conger, New York City, Advocates.

Foley & Martin, New York City, Proctors for Carroll Towing Company, Inc., appellee; Christopher E. Heckman and William J. O'Brien, New York City, Advocates.

Before L. HAND, Chief Judge, and SWAN and CHASE, Circuit Judges.

1. The Herbert L. Pontin, 2 Cir., 50 F.2d 177.

2. The Morning Star, 17 Fed.Cas. page 773, No. 9,817.

562

the Corning tug and pushing ahead. The issue at the trial was whether the Carroll had backed into collision. That issue having been decided in her favor, she was rightly held free from fault.

The tanker was accompanied by three tugs which had assisted her from her berth on the south side of pier 19. After the tanker was headed up-stream she proceeded under her own power and ordered the tugs Dalzell and Dalzellite to take positions on her starboard side. The Dalzell was about 100 feet aft of the bow and the Dalzellite close behind the Dalzell. The engines of both tugs were stopped. Each had a bow line attached to the tanker and was being towed. The appellant charges the Dalzell with fault for failure to back clear of the Carroll's tow. Whether the Dalzell was at fault depends upon how soon it became apparent to her that she was in danger of being squeezed between the tanker and the tow. As she approached the tow, for a time at least she was warranted in supposing that the tanker would ease off to port enough to avoid "trapping" her. Since the tanker must prove the Dalzell's fault, the burden was hers to show that there was a period of time within which it became apparent to the Dalzell that the tanker was not going to ease off and that that period was long enough to enable the tug to cast off her line and back away. The tanker and the Dalzell sounded alarms "a few seconds before the collision." The Dalzell cast off her bow line but says that she could not back because of the Dalzellite behind her. Instead, she went ahead on her engines in order to throw her stern close to the side of the tanker in an effort to squeeze past the Carroll's tow. Whether an attempt to back away would have been a wiser judgment we need not say for her action was taken *in extremis*. The district judge found that her navigator was free from negligence and that the collision was due to the fault of the tanker's pilot in miscalculating the distance between his vessel and the Carroll tow. We cannot say that the findings are so clearly erroneous as to require reversal.

Decrees affirmed.